United States District Court
Southern District of Texas
**ENTERED**
February 26, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-15-564-13 |
| | § | |
| JESUS SILVA, | § | |
| | § | |
| Defendant. | § | |

### ORDER

Defendant Jesus Silva has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Defendant's Motion") (Docket Entry No. 1370).

On August 21, 2020, the court sentenced Silva to 70 months in prison for conspiracy to participate in a racketeering enterprise, namely, multiple acts involving narcotics trafficking and money laundering, to be followed by 3 years of supervised release. (Judgment in a Criminal Case, Docket Entry No. 1332)

Silva is confined at FCI Beaumont Medium in Beaumont, Texas. He is 45 years old and alleges that he suffers from high blood pressure and diabetis. He does not allege that he has pursued or exhausted his administrative remedies with the Bureau of Prisons ("BOP").

After considering the Defendant's Motion and the Government's Response to Defendant's Motion for Compassionate Release (Docket

Entry No. 1383), the court concludes that the requested relief is not appropriate for the following reasons:

1. COVID-related concerns alone do not constitute "extraordinary or compelling" reasons for relief pursuant to Title 18, United States Code, § 3582(c)(1)(A)(i).

2. Silva has not shown that the BOP and/or FCI Beaumont Medium is incapable of managing the COVID-19 pandemic or providing him the necessary medical treatment.

3. Silva has not demonstrated that he qualifies for compassionate release pursuant to Title 18, United States Code, § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13 since he has failed to show that he is suffering from a terminal illness or other medical condition "that substantially diminishes [his] ability [. . .] to provide self-care within the environment of a correctional facility and from which he [. . .] is not expected to recover." U.S.S.G. § 1B1.13(1)(A)&(3), application note 1.

4. Silva has not shown that he has exhausted his administrative remedies with the BOP or that he should be excused from exhausting his administrative remedies.

5.  Given his crime of conviction and his criminal history, Silva has not shown that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See U.S.S.G. § 1B1.13(2).

Accordingly, defendant's motion for compassionate release (Docket Entry No. 1370) is **DENIED**.

**SIGNED** at Houston, Texas, on this 26th day of February, 2021.

---
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE